is it is the United States versus Avery smart good morning may it please the court my name is Amir Muhammad appearing for the appellant mr. Avery smart this case comes before you after a three-day trial and the charges pursuant to the two-count superseding indictment concern production of child pornography and attempted tampering with a victim after what seems to have been a short deliberation the jury convicted mr. smart of both counts and ultimately he was sentenced to 300 months months on count one 240 months on count two to be served concurrently for a total term of 300 months well how did mr. smart get to the point of conviction we submit to you because of errors committed by the district court specifically on day two of that three-day trial the court made comments that caused mr. smart not to have the benefit of his right to impartial jury there's a saying that a judge should not put his or her finger on the scale of justice or a thumb in this case the judge took the weight of the entire bench put it on the scale twice specifically on day two the record shows on page 23 of the record 118 of the trial transcript the judge says so while they are preparing that meaning wiping down a witness stand as part of the COVID protocols this is the victim in the case that will be testifying we are in order to protect her privacy just going to refer to her by her initials that was bolstering that was the district court telling the jury what the jury should conclude mr. Mohamed let's assume there that the comment shouldn't have been made that the comments were improper assume you get over that hurdle there was no objection so plain error review applies here given the evidence how can you establish that but for this error the outcome of the proceeding would have been different when the jury saw the the photographs these sexually explicit photographs heard her testimony knew her age got the DNA evidence that he had fathered the child given all of the evidence submitted here how could you meet that high hurdle on plain air few things your honor but I agree plain error is the to on page 43 the court says after a government witness got off the stand the question is assuming there was air in those how do you meet the plain air standard I think you were going on to the second comment of the court let's just take that off and assume they were improper comments which I'm not sure but let's assume that how do you get around playing there we don't know that that evidence you refer to what have made its way into the record but for the judges second error by telling the government you move you did not move for the admission of anything except eight meeting exhibit number eight are you going to do that through a different witness this report says that's correct your honor the court says all right just making sure let me let me try the same question different way wasn't there evidence put in front of the jury that your client sent a text message or an email or an instant message or I don't know what and the instant message had in it the words I'm on an exclusive photo shoot and then attached to the message was an image a sexually explicit image of the victim that the victim identified as her at trial so that's the evidence in front of the jury so my question is how is that not overwhelming in your view that will call it a written communication that may not have been presented yet when these errors or one of these errors occurred your honor so the evidence that I just described that I mean it seems it seems oh oh like overwhelming squared I think the chronology does matter your honor now perhaps what you're referencing is that under plain air it does not no no I the the person in the picture that your client sent in the message said that's I was 15 at the time so he I know what the comments are I it's all briefed up I get it how do you how do you show the outcome would have been different because of the comments given that testimony in that evidence your honor we're never going to know what the jury would have done but for the judges comments I don't think but you have to establish that it's your burden on plain-air to establish that but for the error the outcome would have been different and given the evidence that's been identified how can you possibly show that the judge your honor Saini the defense may have put on a case rather than not putting on a case after those comments mr. start mark may have chosen to testify come on but we have to look at it there's nothing in here he certainly hasn't put in an affidavit saying I would have testified but for those comments so you're speculating and asking us to just to speculate here you've got to come forth with something showing that the outcome would have been different the way to get to the plain air standard is that there wasn't an one of the things that that I asked myself from time to time especially on the case where I'm appointed and I was not the district court attorney like here is what what I've done in light of these particular circumstances your honors I may have also been too shocked to have thought fast enough on my feet to jumped up to raise an objection there's absolutely nothing objectionable to either of these comments I don't even think we need to get to with the plain air standard is satisfied here there's no error to begin with it's it's not an error for the judge to call the victim the victim your honor it may be in some egregious case but in the mine run of cases with an underage victim of a child pornography offense it's okay to call the victim the victim and the judge did it only once here and this just making sure college is completely innocuous she was making a procedural point about whether the remaining photos were going to come into evidence later on in the trial there's nothing whatsoever that the judge did wrong here that is remotely objectionable if I may this should have been in Anders well your honor I'm cutting into my rebuttal time about address the last two points you made if I can quickly one of the titles of one of the charges is attempted attempted tampering with a victim so the judge says this here is the victim it's taken on the role there's no dispute about who she is and who is identified as the victim the question is defendants culpability her status is not in dispute here and I think totality wise the judge said things that channeled what are other than those two statements don't give us one of these totality wise arguments those you're saying these two statements were plain air because the substance of the heart of this trial was this particular day day to day one was picking the jury day three was closings and verdicts so this was the one day that was the meatiest and the two errors occurred on that day what was erroneous about the judges comments there's no dispute about the victim status as a victim it goes back to channeling to the jury the judges thoughts that this defendant is and should be found says nothing about the defendants culpability it just identifies the victim status which is undisputed she's clearly a child pornography victim because she was 15 at the time the photos were taken I understand your point your honor but as an advocate I must respectfully disagree it should have been an Anders thank you nice repert thank you good morning Laura Repert on behalf of the United States as this court indicated this is here on plain air review the appellant has a stringent burden here to show all four prongs of plain air that the errors were errors that they were plain that they affected his substantial rights and that they seriously affected the fairness integrity or public reputation of the proceedings all four prongs have to be met here and appellant has failed to satisfy any of the prongs prongs one and two is that it was an error and that was plain and the two comments that the appellant has identified as being errors we would submit they're not errors judge chief judge Sykes as you just stated calling the victim a victim particularly one of the charges is under 1512 which the label of the statute is tampering with a witness victim or informant by labeling the person the witness as victim that is not an error it is certainly not plain error where appellant has been able to identify zero cases that say that referring to a witness as victim is erroneous wasn't part of the context here to inform the jury as to why the next witness was going to testify under initials that's exactly right and so after a full day of we started off day two in the morning just before the jury entered I had addressed with the district court about referring to the victim by her initials again the nature of the proceedings wanted to keep her name out of the record there was no objection to that and so that's how we proceeded and so this was merely the district court informing the jury this is victim the case we're going to refer to her by her initials and there's there's just no error in that colloquy that the district court had with the jury and it's appellant cannot identify a single case that referring to a witness as a victim is error again the just making sure comment the district court has an obligation as the gatekeeper of evidence to keep a running track of which exhibits are entered and admitted the rapper just briefly was what I was talking to mr. Mohammed about is that roughly correct in terms of what the evidence showed did he send an instant message or a text message he did about the photos he was taking that's absolutely correct judge during this trucking trip which happened in late January of 2017 that the victim testified that she had accompanied the defendant on the appellant on they went from Illinois to California there were photographs that were taken that the victim identified saying yes that's me yes Avery smart took that photo and it was her engaged in sexually explicit conduct specifically this lascivious display of her genitals and it was during that time frame this approximate three-day trip that they're going from Illinois to California that he texts his friend whose name was Deacon and he says I'm on a quote exclusive photo shoot and accompanying that text message was a photograph of the victim engaged in sexually explicit conduct so you're absolutely correct correct judge Scudder that's exactly what the evidence was that was presented to the jury so neither of these comments are plain error and as this court touched upon there was overwhelming evidence of the defendant's guilt the victim was 15 she said she had been in a sexually explicit sexually explicit relationship with the appellant she was pregnant with his child that's how all of this came to light to the FBI she said that defendant appellant was 39 years old she engaged in a sexual relationship with him for a matter of months DNA testing was done on the child that came back as the appellant's child and again she identified 14 photographs at trial of her both clothed and unclothed saying that's me and Avery smart took those photographs along with the text messages that were sent and the confirmation of this trucking trip otherwise found on the defendant appellant's phone so there was overwhelming evidence and in addition to the prongs three and four that the appellant has to show in addition to this overwhelming evidence there was also jury instructions that were provided by the district court essentially saying any comment I make you should not take as an opinion on the evidence of this case or what your verdict should be those kinds of instructions were read three separate times to the jury twice before opening and once before closing statements juries are presumed to follow instructions there's no reason to to consider or suggest that they didn't follow those instructions so unless there are questions from the court we think that there was no plain error the appellant has failed to establish any of the four prongs and so for that reason this court should affirm the district court thank you thank you thanks to both counsel the tape case is taken under advisement we'll move to our eighth case this morning